UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONI R.,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C20-5341 RSM

**ORDER AFFIRMING DENIAL OF BENEFITS**

Plaintiff appeals denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting her testimony and a medical opinion, and relying on medical opinions from doctors who did not consider her migraines. Dkt. 18. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 53 years old, has a high school education, and has worked as a substance abuse counselor. Dkt. 16, Admin. Transcript (Tr.) 27-28. Plaintiff alleges disability as of December 1, 2016. Tr. 16. After conducting a hearing in November 2018, the ALJ issued a decision finding Plaintiff not disabled. Tr. 35-96, 16-29. In pertinent part, the ALJ found Plaintiff's migraine headaches and other severe physical and mental impairments limited her to

ORDER AFFIRMING DENIAL OF BENEFITS
- 1

simple, light work.  Tr. 18, 21-22.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Tr. 1-3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.   Plaintiff's Testimony**

When an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo*, 871 F.3d at 678.

The ALJ discounted Plaintiff's testimony of migraines and back/neck pain based on drug-seeking behavior, Plaintiff's inconsistent statements, conflict with her activities, and effective treatment.  Tr. 23-24.

The ALJ determined evidence of drug-seeking behavior undermined the reliability of Plaintiff's testimony.  Tr. 24.  In January 2017 Plaintiff's treating physician, Sabrina A. Benjamin, M.D., was "concerned about her seeking more medications" when her pain control was already "reasonable for functional issues," and concluded her medications should in fact be decreased.  Tr. 646, 652.  In October 2017 Dr. Benjamin was "concerned that she always has pain and … wonder[ed] if pain complaints are embellished."  Tr. 905.  Plaintiff argues these statements "fail to demonstrate sureness" and the record lacks "confirmed evidence" of drug-seeking behavior.  Dkt. 20 at 2-3.  Plaintiff's arguments ignore the appropriate standard of

ORDER AFFIRMING DENIAL OF BENEFITS
- 2

review.  The ALJ's findings must be supported by substantial evidence, which requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). Plaintiff concedes a June 2018 treatment note reveals "an indication of opiate abuse."  Dkt. 20 at 3.  This note, showing a doctor assessed "[o]piates abuse and dependence with drug-seeking behavior," together with Dr. Benjamin's treatment notes, constitutes substantial evidence supporting the ALJ's finding of drug-seeking behavior.  Tr. 1335.  Plaintiff's doctors' concern about her exaggerating symptoms to receive more medication was a clear and convincing reason to discount Plaintiff's testimony.  *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (ALJ may reject claimant's testimony based on evidence of drug-seeking behavior suggesting claimant exaggerated her symptoms to receive prescription pain medication).

      Inconsistent statements, activities, and treatment were not valid bases to discount Plaintiff's testimony, however.  The ALJ found Plaintiff's testimony of debilitating symptoms inconsistent with her report to a treating provider that she was physically able to care for her "baby granddaughter."  Tr. 23 (citing Tr. 918).  However, it was not Plaintiff's but her provider's assessment that she had "no physical issues that would preclude her from being able to take care of her granddaughter."  Tr. 918.  It is not even clear the provider was referring to a baby, since Plaintiff had no granddaughter and was helping care for her 9-year-old grandson.  *See* Tr. 64-65. The ALJ's finding of inconsistent statements was not supported by substantial evidence.

      The ALJ listed several activities but failed to explain how they contradicted Plaintiff's testimony.  "Only if the level of activity were inconsistent with Claimant's claimed limitations would these activities have any bearing on Claimant's credibility."  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

The ALJ found "well controlled" pain, but the cited records refer only to knee pain as well-controlled while "[o]ther chronic pain" was assessed as "improved" without specifying to what degree. *See*, *e.g.*, Tr. 893. Making "some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).

Inclusion of erroneous reasons was harmless, however, because the ALJ provided the clear and convincing reason of drug-seeking behavior. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (inclusion of erroneous reasons to discount claimant's testimony harmless because "remaining valid reasons supporting the ALJ's determination are not 'relatively minor'"). The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

**B.     Medical Opinions**

   **1.     Treating Provider Leslie Noble, ARNP**

In a "Request for Medical Opinion" dated October 2018, Ms. Noble stated she would expect Plaintiff to lie in a darkened room during her 19 migraine days per month. Tr. 680. The ALJ could discount this opinion for "germane" reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014). The ALJ gave little weight to Ms. Noble's opinion as inconsistent with Plaintiff's work history. In response to the question, "How long have migraines persisted at approximately the level noted above?" Ms. Noble wrote "10-11 yrs." Tr. 680. Yet Plaintiff worked at the substantial gainful level until 2016, only two years before Ms. Noble's opinion. Tr. 27 (citing Tr. 233). After the ALJ's decision, Plaintiff submitted to the Appeals Council a letter from Ms. Noble clarifying 10-11 years referred to the length of time Plaintiff has suffered migraines, but her migraines did not worsen to 19 migraine days per month until after she

ORDER AFFIRMING DENIAL OF BENEFITS
- 4

suffered a head and neck injury in April 2014.  Tr. 7.  The ALJ's reasoning still stands, however, because Plaintiff continued to work until 2016.  The new evidence Plaintiff provided did not deprive the ALJ's decision of substantial evidence.  *See Bruton v. Massanari,* 268 F.3d 824, 827 (9th Cir. 2001) (new evidence is material only if there is a reasonable possibility it would have changed the outcome of the determination).  Inconsistency with Plaintiff's work history was a germane reason to discount Ms. Noble's opinion.

The ALJ also discounted Ms. Noble's opinion because it was based solely on Plaintiff's self-reported migraine log.  Tr. 27.  Plaintiff contends this was not a germane reason because the ALJ erred by rejecting Plaintiff's self-reports regarding migraines.  The Commissioner contends the ALJ permissibly discounted all of Plaintiff's testimony, including regarding migraines.  The Court need not address this dispute because the ALJ provided a germane reason for discounting Ms. Noble's opinion.  Inclusion of erroneous reasons is harmless.  *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (error harmless if "inconsequential to the ultimate disability determination").

The Court concludes the ALJ did not err by discounting Ms. Noble's opinion.

**2.      State Agency Doctors**

Plaintiff contends the ALJ erred by relying on the opinions of State agency doctors because they made "no mention of the migraines in formulating their RFC opinions."  Dkt. 18 at 9.  The doctors clearly considered migraines, noting Plaintiff's claim of migraines, assessing migraines as a severe impairment, and summarizing the evidence in the record about migraines.  Tr. 114, 119-21.  Directly contradicting Plaintiff's assertion, they even mentioned migraines in the RFC assessment itself.  *See* Tr. 125 ("migraines" and other conditions underlie postural limitations).  Plaintiff has failed to show any error.  The Court concludes the ALJ did not err by

ORDER AFFIRMING DENIAL OF BENEFITS
- 5

relying on the State agency doctors' opinions.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 15th day of December, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE